**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>**CONNECTICUT HEALTHCARE INSURANCE COMPANY,[1]**<br><br>Debtor in Foreign Proceeding. | Chapter 15<br><br><br>Case No. 26-32010-15 (SGJ) |

**DECLARATION OF MICHAEL PEARSON PURSUANT TO 28 U.S.C. § 1746**

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

**INTRODUCTION**

1.      I am an individual over 21 years of age and am competent to testify and to provide this declaration (the "**Declaration**") in support of the: (i) *Chapter 15 Petition for Recognition of a Foreign Proceeding* (the "**Chapter 15 Petition**"); (ii) *Verified Petition of Connecticut Healthcare Insurance Company*, and (iii) *Debtor's Emergency Motion for Provisional Relief under Section 1519 of the Bankruptcy Code* filed contemporaneously herewith, which seek entry of a provisional and final order recognizing the winding up proceeding of Connecticut Healthcare Insurance Company (the "**Debtor**" or the "**Company**") currently pending before the Grand Court of the Cayman Islands Financial Services Division ("**Cayman Court**"), *In the Matter of the Companies Act (2026 Revision) and In the Matter of Connecticut Healthcare Insurance Company*, Cause No. FSD 93 of 2026 (JAJ) ("**Cayman Proceeding**") as a foreign main proceeding pursuant to sections

---

[1] The Debtor's mailing address is Marsh Management Services Cayman Ltd., Governors Square, Building 4, Floor 2, 23 Lime Tree Bay Avenue, P.O. Box 1051, Grand Cayman KY1-1102.

1515, 1517, 1519 and 1520 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").[2] Orla O'Regan and I (together, the "**Petitioners**" or the "**JPLs**") have been appointed Joint Provisional Liquidators of the Debtor.

2.     I make this Declaration based on my review of the books and records of the Debtor in my possession or supplied to me, my review of information on the Cayman Islands General Registry, and information provided to me by others. Where I have been informed by others, the information is true to the best of my knowledge and belief.

3.     I am the Lead Independent Director of JTC Special Situations Ltd., which is based in the Cayman Islands.  I have more than 25 years of experience in the financial services sector and have occupied various senior roles in insolvency teams of the Big Four accounting firms before founding FFP Cayman in 2012.  I am a qualified insolvency practitioner in the Cayman Islands and meet the residency and professional requirements of the Cayman Islands.  For these reasons, I am qualified to act as a Joint Provisional Liquidator and/or Official Liquidator of a Cayman company.

## I.     Background

4.     The Debtor was incorporated as an exempted company with limited liability under the Companies Act (as amended) of the Cayman Islands on September 15, 2006 with registration number 174133.

5.     The Debtor's registered office address is Marsh Management Services Cayman Ltd., Governors Square, Building 4, Floor 2, 23 Lime Tree Bay Avenue, P.O. Box 1051, Grand Cayman KY1-1102.

---

[2] Except as otherwise indicated, capitalized terms used herein carry the meanings ascribed to them in the Verified Petition.

75091605.6

6.      Prospect ECHN, Inc. a Connecticut corporation ("**ECHN**"), is the registered owner of Debtor. ECHN is an indirect wholly owned subsidiary of Prospect Medical Holdings, Inc. ("**Prospect**"). ECHN and Prospect, among other affiliated entities, are debtors ("***Prospect Debtors***") in the bankruptcy cases captioned *In re: Prospect Medical Holdings, Inc. et al*, Case No. 25-80002 (SGJ) (Jointly Administered) pending in the United States Bankruptcy Court for the Northern District of Texas (the "**Prospect Bankruptcy Case**").

7.      The Prospect Debtors were substantial providers of healthcare services in the United States. The Debtor is a Cayman Island domiciled company licensed as a Class B(i) captive insurance company pursuant to Section 4(3)(b) of the Insurance Act (as amended) of the Cayman Islands that provided insurance policies (the "**CHIC Policies**") to the Prospect Debtors for professional and general liability claims (the "**Insured Claims**") that exceed the self-insured retention ("**SIR**") and which are fully reinsured by third party reinsurers ("**Reinsurers**").

8.      The structure of these obligations differ between Pennsylvania and other states.

9.      In Pennsylvania, prior to October 1, 2020, insurance claims were allocated as follows:  the first $500,000 of liability was insured through Prospect Medical Holdings Risk Retention Group, Inc. ("**RRG**"), which is a self-insurance program utilized by the Prospect Debtors that manages and administers certain insurance policies.  The next $500,000 of liability on account of an insurance claim would be paid by a special fund within Pennsylvania's State Treasury ("**MCare**"), subject to certain conditions and limits.  Coverage in excess of RRG coverage and, if not exhausted, MCare, is provided by third-party excess insurers.  However, those excess policies are subject to a $4 million SIR or $5 million SIR, as applicable.

10.     In Pennsylvania, beginning on October 1, 2020, the applicable Prospect Debtors were insured through RRG for the first $500,000 of liability of an insurance claim, subject to a

3

deductible of $250,000. The next $500,000 of liability on account of an insurance claim would be paid by MCare, subject to certain conditions and limits. Claim amounts in excess of $1 million (up to a cap of $80 million) are insured through the Debtor, although the applicable Prospect Debtors were subject to an SIR for claim amounts between $1 million and $13.5 million. Claim amounts exceeding $13.5 million (up to a cap that is typically $80 million) would be covered by the relevant insurance policies with the Debtor; however, the Debtor reinsured such obligations with various third-party insurers.

11. In states other than Pennsylvania, the applicable Prospect Debtors are responsible for the defense and indemnity payments for each claim up to the applicable SIR (which range from $2 million to $7.5 million). After the applicable SIR is paid, the Debtor provides an excess healthcare professional liability and umbrella liability insurance policy, on a claims-made basis. The policy limit is $80,000,000, for each loss event and in the annual aggregate, excess of the primary coverage layers described above. This coverage is fully reinsured by third-party carriers.

12. Under the CHIC Policies, Prospect, as the primary named insured, is responsible for investigating, administering and defending claims. However, many of the reinsurance agreements place a duty on the Debtor to investigate and/or defend claims regardless of whether Prospect has done so.

13. As a result of the Prospect Bankruptcy Case, Prospect is currently unable to investigate, administer or defend claims against it. In these circumstances, a proliferation of default judgments and claims against Prospect and directly against the Debtor appear to be inevitable. The Debtor and the Reinsurers were previously provided with a Prospect Reinsurance Claims Analysis produced by Prospect with the assistance of Alvarez and Marsal, dated August of

4

2025 ("**Claims Summary**"). The Claims Summary provides a summary of, among other things, the amount of liquidated and fully unliquidated proofs of claims filed against the Prospect Debtors that relate to policy years 2016-2025. On the low end of the range, 26 claims were filed in liquidated amounts in excess of the SIR aggregated to $235,500,000. On the high end of the range, including estimates for proofs of claim filed in an unliquidated amount, the exposure set forth in the proofs of claim set forth in the Claims Summary exceeded $1,500,000,000. Although proofs of claims are not necessarily indicative of the allowable amount of such claims if adjudicated or settled and, are typically more than the actuarial reserves for such claims, the Claims Analysis provides insight on the extent to which liability for the Debtor may become astronomical if claims do go undefended.

14.     Further, the Debtor does not have the resources to take over the investigation, administration and defense of such claims. Specifically, the Debtor's unaudited financial statement as of February 28, 2026, shows available capital of approximately $2,100,000. Under these circumstances, the Debtor determined it was likely insolvent or to be rendered insolvent in the short term.

15.     On March 12, 2026, the Debtor filed a Winding Up Petition seeking, among other things, the winding up of the Debtor and appointment of Joint Official Liquidators. On the same date, the Debtor filed a summons seeking appointment of the JPLs.

16.     The Cayman Court has granted the Debtor's request and, by order dated March 18, 2026 (the "**Cayman Order**"), Orla O'Regan and I were appointed as JPLs and duly authorized foreign representatives of the Debtor. A true and correct copy of the Cayman Order is attached hereto as **Exhibit A**.

5

17.     The JPLs on behalf of the Debtor, the Prospect Debtors and the Reinsurers have now reached a settlement in principle (the "**Reinsurance Settlement**") that, if approved and finalized by the Bankruptcy Court, will lead to the Reinsurers making a material cash payment of approximately $26,000,000 to the Prospect Debtors in exchange for a cancellation and settlement of all CHIC Policies and reinsurance policies (other than the 2025-2026 policy year)[3] and release of the Debtor and the Reinsurers for any claims arising from or related to such policies.  The JPLs anticipate that the Prospect Debtors have, or will shortly, each file a motion ("**Settlement Motion**") in their respective bankruptcy cases seeking approval of the  Reinsurance Settlement.

18.     The JPLs will commence the case (the "**Chapter 15 Case**") by filing the Verified Petition for relief under Chapter 15 of the Bankruptcy Code. The JPLs seek recognition of the Cayman Proceeding as a foreign main proceeding.

19.     The Debtor has approximately $25,000 in funds that are maintained at an account (625-xxx036) with Morgan Stanley in the United States.  Such account was opened on August 11, 2020 and was utilized by the Debtor prior to the commencement of the Cayman Proceeding. Additionally, the Debtor has funded a retainer to its United States counsel and maintains such property in the United States.

## II.     The JPLs are the Foreign Representatives of the Debtor

20.     Orla O'Regan and I have been informed by our legal advisors that a Chapter 15 proceeding is commenced by the filing of a petition for recognition (and related documents) by the "foreign representative." We are further informed that a bankruptcy court may presume that the person petitioning for Chapter 15 recognition is a foreign representative if the decision or certificate

---

[3] The 2025-2026 policy year covers the Prospect Debtors' post-bankruptcy period, and claims under such policies are entitled to administrative expense status.  At this time, the parties have not been able to reach a settlement with respect to the policies for such policy year.

6

from the foreign court so indicates.  We understand that "foreign representative" is defined in section 101(24) of the Bankruptcy Code to mean:

> "...a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

21.     Orla O'Regan and I have been appointed by the Cayman Court on a provisional basis to administer the Debtor's affairs, and we have been authorized by the order appointing us to (among other matters) seek recognition under Chapter 15 of the United States Bankruptcy Code. Specifically, we have been authorized by the Cayman Order to seek the assistance of the courts in the various jurisdictions where assets are located to secure the Debtor's assets in that jurisdiction. Cayman Order ¶4(f).

22.     In light of the statutory presumption, the Bankruptcy Code's definition of "foreign representative" and the express provisions of the Cayman Order, I believe that Orla O'Regan and I are foreign representatives of the Cayman Proceeding.

## III.    The Cayman Proceeding is a Foreign Main Proceeding

23.     I believe that the Cayman Proceeding is a "foreign main proceeding" within the meaning of Section 1502(4) of the Bankruptcy Code.

24.     Orla O'Regan and I have been informed by our legal advisors that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code to mean: "…a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation" 11 U.S.C. § 101(23).

75091605.6

25. I believe that the Cayman Proceeding falls within the foregoing definition. The provisional liquidation proceeding is a collective judicial proceeding, in the Cayman Islands, governed by Cayman Islands statute applicable to corporate insolvencies. In the provisional liquidation proceeding the Debtor's assets and affairs are subject to the control or supervision of the Cayman Court. The purpose of the provisional liquidation is to provide protection to a company and its creditors and to ensure that the affairs of the company are properly managed during the period between the presentation of a winding up petition and the making of a winding up order.

26. Orla O'Regan and I have been informed by our legal advisors that Section 1517(b)(1) of the Bankruptcy Code provides that a foreign proceeding shall be recognized as a "foreign main proceeding" if the foreign proceeding is pending in the country where the debtor has "the center of its main interests" ("**COMI**"). COMI is not defined in Chapter 15, but Section 1516(c) of the Bankruptcy Code provides that "[i]n the absence of evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests." 11 U.S.C. § 1516(c).

27. We believe that, based on its place of registered office, the COMI of the Debtor is the Cayman Islands.

28. Additional factors supporting COMI in the Cayman Islands for the Debtor include its Cayman Islands insurance license and its regulation as a Cayman Islands insurer by the Cayman Islands Monetary Authority. The Debtor's operations are carried out through its designated insurance manager, Marsh Management Services Cayman Ltd., which is regulated by the Cayman Islands Monetary Authority. The books and records of the Debtor, as well as certain of its bank

8

75091605.6

accounts and assets, are located in the Cayman Islands. All meetings and other business were conducted in the Cayman Islands pursuant to the Cayman regulatory framework.

## STATEMENT PURSUANT TO SECTION 1515(c) OF THE BANKRUPTCY CODE

29. I am informed that section 1515(c) of the Bankruptcy Code provides that "[a] petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative."

30. In compliance with section 1515(c) of the Bankruptcy Code, I hereby declare that the only foreign proceedings (as such term is defined in section 101(23) of the Bankruptcy Code) pending with respect to the Debtor that is known to me is the Cayman Proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

9

75091605.6

Docusign Envelope ID: 241A0915-7885-8E8D-833B-194257DA8B67

Executed on this 4th day of May, 2026
in Grand Cayman, Cayman Islands

Signed by:

6B417BED1EF4459...

Michael Pearson
JTC Special Situations Limited (JTC)
60 Nexus Way, 6th Floor
Camana Bay, P.O. Box 769
Grand Cayman, KY1-9006, Cayman Islands

**Exhibit A**
**Cayman Order**

11

75091605.6

**Page 1 of 3**



Digitally signed by Advance Performance Exponents Inc.
Date: 2026.03.18 17:06:05 -05:00
Reason: Apex Certified
Location: Apex

**CAUSE NO. FSD 93 OF 2026 (JAJ)**

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**IN THE MATTER OF THE COMPANIES ACT (2026 REVISION)**
**AND IN THE MATTER OF CONNECTICUT HEALTHCARE INSURANCE COMPANY**

**BEFORE THE HONOURABLE JUSTICE JALIL ASIF KC**
**IN CHAMBERS**

**18 MARCH 2026**

*Certified True & Correct*
*JBSimpson*
*PP Clerk of the Court  15 April 2026*
*Teresha N. Simpson*

**ORDER**

**UPON** the *ex parte* summons filed on 16 March 2026 by Connecticut Healthcare Insurance Company seeking an order that Michael Pearson and Orla O'Regan be appointed as joint provisional liquidators of the Petitioner

**AND UPON** reading the winding up petition herein presented by the Petitioner on 16 March 2026

**AND UPON** reading the first affidavit of Francisco Castro and exhibit FC1 sworn on 12 March 2026, the first affidavit of Michael Pearson and exhibit MP1 sworn on 12 March 2026 and the first affidavit of Orla O'Regan and exhibit OOR1 sworn on 12 March 2026

**AND UPON** the Petitioner undertaking by its attorney within 7 days to file an affidavit setting out (i) such details as the Petitioner is able to provide of the status of the currently outstanding insurance claims, and the underlying legal claims, in respect of which the Petitioner may be liable to provide indemnity; and (ii) all communications between the Petitioner and the Cayman Islands Monetary Authority since 11 March 2026

**AND UPON** hearing the attorney for the Petitioner

**IT IS HEREBY ORDERED that:**

1.  The following persons are appointed as joint provisional liquidators of Connecticut Healthcare Insurance Company ("**the Company**"):

| Name | Address | Contact details |
|---|---|---|
| Mr Michael Pearson | JTC Special Situations Limited 6th Floor, 60 Nexus Way Camana Bay Grand Cayman Cayman Islands | +1 (345) 640 5860 michael.pearson@jtcgroup.com |
| Ms Orla O'Regan | | +1 (345) 640 5859 orla.oregan@jtcgroup.com |

**THIS ORDER** was filed by KSG Attorneys Ltd, attorneys for the Petitioner, whose address for service is One Capital Place, Fourth Floor, Shedden Road, George Town, Grand Cayman (Ref: JH/05240)

2.  The joint official liquidators may act jointly and severally.

3.  The joint provisional liquidators are not required to give security for their appointment.

4.  The joint provisional liquidators are authorized and empowered:

    a)  to conduct the Company's ordinary day-to-day business operations;

    b)  to take all steps they reasonably consider necessary or expedient to protect or preserve the interests of the Company's creditors and shareholders, including consulting with the Company's creditors, directors and shareholders on an ongoing basis;

    c)  to make decisions on behalf of the Company so far as may reasonably be necessary regarding the ongoing management of any insurance claims asserted against the Company or in respect of which the Company may contractually be required to provide indemnity and the management or defence of the underlying legal claims;

    d)  to obtain documents and information concerning the Company and its business dealings, accounts, assets, liabilities or affairs from third parties;

    e)  to retain and employ KSG Attorneys for the purpose of advising or assisting in the execution of their powers and duties upon the terms set out in the draft engagement letter exhibited at pages 272-275 of FC1;

    f)  to serve as the Company's authorised foreign representative, to seek recognition of the provisional liquidation and/or the appointment of the joint provisional liquidators in the United States of America, together with such other relief the joint provisional liquidators reasonably consider necessary for the proper exercise of their functions within the Cayman Islands or the United States of America and to make applications to the court(s) of those jurisdictions for that purpose; and

    g)  to do all acts and execute in the name of and on behalf of the Company, all deeds, receipts and other documents reasonably necessary in exercising their powers set out in this Order and, for that purpose only, to use the Company's seal.

5.  Until further order, no suit, action or other proceeding, other than criminal proceedings, shall be proceeded with or commenced against the Company except with the leave of the Court.

6.  No disposition of the Company's property by or with the authority of the joint provisional liquidators in carrying out their duties and functions and exercise of their powers under this Order shall be void by virtue of section 99 of the Companies Act.

7.  The Company and its directors, officers, employees and service providers shall provide the joint provisional liquidators with all such information and documents as the joint provisional liquidators reasonably require in order to exercise their powers and discharge their functions under this Order and as officers of this Court.

8.  The joint provisional liquidators' reasonable remuneration and expenses reasonably incurred shall be paid out of the Company's assets, subject to approval of the Court.

9.  The winding up petition is to be fixed for hearing on the first open date after 4 May 2026, with a provisional time estimate of 2 hours. The Company and the attorney for any person opposing the winding up petition shall liaise and confirm the time estimate not less than 14 days before the date of the hearing.

10. Pursuant to CWR O.3, r.18(1), the Company is not required to advertise the Petition.

11. The joint provisional liquidators shall prepare and file their report on or before 24 April 2026.

**THIS ORDER** was filed by KSG Attorneys Ltd, attorneys for the Petitioner, whose address for service is One Capital Place, Fourth Floor, Shedden Road, George Town, Grand Cayman (Ref: JH/05240)

12.   The joint provisional liquidators have liberty to apply.

13.   The costs of the summons shall be paid out of the Company's assets as an expense of the provisional liquidation.

**Dated 18 March 2026**
Filed 18 March 2026

**THE HONOURABLE JUSTICE JALIL ASIF KC**
**JUDGE OF THE GRAND COURT**

**THIS ORDER** was filed by KSG Attorneys Ltd, attorneys for the Petitioner, whose address for service is
One Capital Place, Fourth Floor, Shedden Road, George Town, Grand Cayman (Ref: JH/05240)