**Exhibit B**
**Redline to Proposed Order filed at Docket No. 7-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>**CONNECTICUT HEALTHCARE<br>INSURANCE COMPANY,**[1]<br><br>Debtor in Foreign Proceeding. | Chapter 15<br><br>Case No. ~~26-32010-15~~26-32010-15 (SGJ) |

**ORDER GRANTING FOREIGN REPRESENTATIVES' EMERGENCY MOTION FOR
(A) PROVISIONAL RELIEF UNDER SECTION 1519 OF THE
BANKRUPTCY CODE, AND (B~~) EXTENSION OF THE AUTOMATIC STAY TO
PROSPECT DEBTOR DEFENDANTS, AND (C~~) RELATED RELIEF**

---

[1] The Debtor's mailing address is Marsh Management Services Cayman Ltd., Governors Square, Building 4, Floor 2, 23 Lime Tree Bay Avenue, P.O. Box 1051, Grand Cayman KY1-1102. Copies of the pleadings filed in this Chapter 15 case are available on the Debtor's public website: https://omniagentsolutions.com/CHIC.

~~75175076.3~~75175076.4

Upon the motion (the "**Motion**")[2] filed by Michael Pearson and Orla O'Regan of JTC Special Situations Ltd. (the "**Foreign Representatives**" or "**JPLs**"), in their capacities as joint and several provisional liquidators and authorized foreign representatives of the above-captioned debtor (the "**Debtor**") seeking entry of an order (this "**Order**") granting provisional relief under section 1519 of the title 11 of the United States Code (the "**Bankruptcy Code**")[3] to protect the Debtor and its property within the territorial jurisdiction of the United States pending recognition of the Cayman Proceeding ~~and extension of the automatic stay to the Prospect Debtors~~; and upon the Pearson Declaration, the Harris Declaration, and the Saidara Declaration; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby, **FOUND AND DETERMINED THAT:**

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact

---

[2] All capitalized terms not otherwise defined herein shall be given the meaning ascribed to them in the Motion.

[3] Unless otherwise noted, section (§) references are to the Bankruptcy Code.

~~75175076.3~~75175076.4

constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over this Motion and the relief requested therein under 28 U.S.C. §§ 157, 1334, 109 and 1501. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District under 28 U.S.C. § 1410. This Court may enter a final order consistent with Article III of the United States Constitution.

C.      Good, sufficient, appropriate, and timely notice of the filing of, and the hearing on (to the extent necessary), the Motion was given, which notice was deemed adequate for all purposes, and no further notice need be given under the circumstances.

D.      There is a substantial likelihood that the Foreign Representatives will successfully demonstrate that the Cayman Proceeding constitutes a "foreign main proceeding" or, in the alternative, "foreign non-main proceedings" as defined in §§ 1502(4) and (5).

E.      As evidenced by the Cayman Order, the Cayman Court has determined that the commencement or continuation of any action or proceeding in the Cayman Islands against the Debtor or its assets should be enjoined pursuant to applicable Cayman law.  This Court similarly determines that consistent with the Cayman Order, the commencement or continuation of any action or proceeding in the United States against the Debtor or its assets should be enjoined pursuant to §§ 105(a) and 1519 to permit the expeditious and economical administration of the Cayman Proceeding, and such relief will either (a) not cause an undue hardship to other parties in interest or (b) have any hardship to parties outweighed by the benefits of the relief requested.

F. Extending the automatic stay to cover Prospect ECHN, Inc., Prospect Medical Holdings, Inc., and their affiliated entities which are debtors (collectively, the "**Prospect Debtors**") in the bankruptcy cases captioned *In re: Prospect Medical Holdings, Inc. et al.*, Case

No. 25-80002 (SGJ) (Jointly Administered) pending in this Court (collectively, the "Prospect Bankruptcy Case") until the Court's granting or denial of the Settlement Motion will either (a) not cause an undue hardship to other parties in interest or (b) have any hardship to parties outweighed by the benefits of the relief requested.

F. G. Consistent with the Cayman Court's findings and the resulting relief provided in the Cayman Order, unless a preliminary injunction is issued with respect to the Debtor, and to the same extent provided in the Cayman Order, there is a material risk that the Debtor's creditors or other parties in interest in the United States could use the Cayman Proceeding and this chapter 15 case as a pretext to exercise certain remedies with respect to the Debtor.

G. H. Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, (b) interfere with and cause harm to the Foreign Representatives' efforts to administer the Cayman Proceeding, (c) interfere with the Debtor's operations, and (d) undermine the Foreign Representatives' efforts to achieve an equitable result for the benefit of all of the Debtor's creditors. Accordingly, there is a material risk that the Debtor may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

H. I. The interest of the public will be served by the Court's entry of this Order.

I. J. The provisional relief is urgently needed to protect the assets of the Debtors and the interests of their creditors as required by section 1519(a) of the Bankruptcy Code.

J. K. The interests of the Debtors' creditors and other interested entities, including the Debtors, are sufficiently protected in the Court's grant of the provisional relief, as required by section 1522(a) of the Bankruptcy Code.

4

75175076.375175076.4

K.    ~~L.~~ The Foreign Representatives and the Debtor are entitled to the full protections and rights available pursuant to §§ 1519(a)(1)-(3) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    Beginning on the date of this Order and continuing until the date of entry of the Recognition Order, or such other date as specified herein, and notwithstanding anything to the contrary contained in this Order:

(a)    The Foreign Representatives are recognized as, and shall be the representatives of, the Debtor with full authority to administer the Debtor's assets and affairs in the United States and may operate the Debtor's business and exercise the rights and powers of a trustee unless otherwise specified in the Cayman Order (as entered by the Cayman Court), attached hereto as **Exhibit 1**, is hereby given full force and effect on a provisional basis with respect to the Debtor and its property located in the territorial jurisdiction of the United States.

(b)    Section 362 of the Bankruptcy Code shall apply to the Debtor and its property within the territorial jurisdiction of the United States. The Cayman Court's injunction as granted in the Cayman Order shall be extended to enjoin actions against the Debtor and its property within the territorial jurisdiction of the United States solely to the extent provided for in the Cayman Order. For the avoidance of doubt and without limiting the generality of the foregoing, this Order shall impose a stay within the territorial jurisdiction of the United States of:

  i.    commencing or continuing any suit, action, or proceeding inconsistent with the Cayman Proceeding, including, without limitation, any judicial, quasi-judicial, regulatory, administrative, or other action or proceeding involving or against the Debtor, its assets, or the proceeds thereof;

  ii.    seizing, attaching, enforcing, or executing any judgment, assessment, order, lien or arbitration award against the Debtor's assets in the United States (if any) or the proceeds thereof; and

  iii.    transferring, encumbering, or otherwise disposing of or interfering with the Debtor's assets or agreements in the United States (if any) without the express consent of the JPLs or as permitted by the Cayman Order.

~~(c) Section 362 of the Bankruptcy Code shall be extended to the Prospect Debtors until the entry by the Court in the Prospect Bankruptcy Case of an order granting or denying the Settlement Motion. For the avoidance of doubt and without limiting the generality of the foregoing, this stay shall prohibit all holders of Insured Claims and their representatives and agents, from commencing or continuing any~~

5

~~suit, action, or proceeding inconsistent with the foregoing, including, without limitation, any judicial, quasi-judicial, regulatory, administrative, or other action or proceeding involving or against the Prospect Debtors, their assets, or the proceeds thereof.~~

(c)   ~~(d)~~ The Foreign Representatives:

i.      shall be the representative of the Debtor with full authority to administer the Debtor's assets and affairs in the United States;

ii.     shall have the rights and protections to which the Foreign Representatives are entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of United States Courts over the Foreign Representatives in accordance with § 1510 and the granting of additional relief in accordance with §§ 1519(a) and 1521; and

(d)   ~~(e)~~ Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry, (ii) the Foreign Representatives shall not be subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Foreign Representatives are authorized and empowered, and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

2.      The Foreign Representatives and the Debtor are hereby granted the full protections and rights available pursuant to sections 1519(a)(1), (2), and (3) of the Bankruptcy Code, including without limitation, interim relief with respect to sections 1520(a)(1), (3), and (4) of the Bankruptcy Code, and sections 1521(a)(1), (2), (5), and (7) of the Bankruptcy Code.

3.      Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

4.      Notice of this Order will be provided to the following parties or their counsel: (a) all persons authorized to administer the Cayman Proceeding, (b) the Office of the United States Trustee for the Northern District of Texas, (c) all entities against whom provisional relief is sought (namely, the Prospect Debtors, the holders of Insured Claims and the Reinsurers), (d)

6

all parties to litigation in the United States to which the Debtor is a party, and (e) all other parties that this Court may direct.

5.      Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representatives, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Local Rules.

6.      The requirements set forth in Bankruptcy Rule 1007(a)(4)(B) are waived with respect to the relief sought in the Motion, to the extent such requirements have not already been satisfied by the Form 401 petition.

7.      This Order is without prejudice to the right of the Foreign Representatives to seek additional relief under applicable provisions of the Bankruptcy Code (including, without limitation, section 1519 of the Bankruptcy Code) and without prejudice to the rights of the Foreign Representatives to seek any remedy or to pursue any further relief.

8.      This Court shall communicate directly with, or request information or assistance directly from, the Cayman Court or the Foreign Representatives, subject to the rights of a party in interest to notice and participation.

9.      This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 Case, and any request by an entity for relief from the provision of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

10.     The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

### ###END OF ORDER ###

Order Submitted by:

**JACKSON WALKER LLP**

Vienna F. Anaya (TX Bar No. 2409125)
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
Email: vanaya@jw.com

Emily Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: emeraia@jw.com

**HONIGMAN LLP**

Scott B. Kitei, Esq. (*pro hac vice* pending)
Glenn S. Walter, Esq. (*pro hac vice* pending)
2290 First National Building
660 Woodward Ave.
Detroit, Michigan 48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-7713
Email: skitei@honigman.com
Email: gwalter@honigman.com

*Counsel for the Authorized Foreign Representatives*

8

| | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.11.0.158 Document comparison done on 5/6/2026 1:21:56 PM** | |
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://imanagework.jw.com/jwdocs/49952525/1 - CHIC - Revised Proposed Order for Provisional Relief.docx | |
| **Modified DMS:** iw://imanagework.jw.com/jwdocs/49952525/2 - CHIC - Revised Proposed Order for Provisional Relief.docx | |
| **Changes:** | |
| Add | 19 |
| Delete | 21 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 40 |