Ryan E. Chapple
Texas State Bar No. 24036354
CAIN & SKARNULIS PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
Telephone: 512-477-5000
Facsimile: 512-477-5011
Email: rchapple@cstrial.com

*Counsel to the Personal Injury Claimants*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 15 |
| | § | |
| CONNECTICUT HEALTHCARE INSURANCE | § | Case No. 26-32010 |
| COMPANY,[1] | § | |
| Debtor in Foreign Proceeding. | § | |
| | § | |
| | § | |

**PERSONAL INJURY CLAIMANTS' LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE FOREIGN REPRESENTATIVES' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING RECOGNITION HEARING, (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE, (III) AUTHORIZING REDACTION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION, AND (IV) GRANTING RELATED RELIEF**

Jayme L. Pires, Individually and as Administratrix of the Estate of Peter Pires, Jr., Michael Quadrato, Sean Boyle, Anthony Manuel, Chelsea Teasdale, Individually and as Parent and Guardian of Kyle J. Teasdale, Carley Gorcenski (Dolan), Individually and as Executor of the Estate of Griffin Gorcenski, Katie O'Connor, Individually and as Administratrix of the Estate of Stephen M. O'Connor, Denise Heavens, Jacqueline Williams as the Executrix of the Estate of Denise Heavens, Estate of Dale Martin, Ashley Pedro, Individually and as Parent and Guardian of Brooks Pedro, Dylan Pedro, Hitesh

---

[1] The Debtor's mailing address is Marsh Management Services Cayman Ltd., Governors Square, Building 4, Floor 2, 23 Lime Tree Bay Avenue, P.O. Box 1051, Grand Cayman KY1-1102.

Shah, Individually and as Administrator of the Estate of Meghna Shah, Robert P. Matusz, Individually and as Executor of the Estate of Angela R. Matusz, Aerielle St. John and Andrew St. John, as Parents and Guardians of Tucker St. John, Pamela Dorn as the Administratrix of the Estate of Robert F. Dorn, Earl Bueno, Carlos Anthony Varela, Individually and as Administrator of the Estate of Iris Rivera aka Iris Margarita Rivera Ortiz, Kelisha Martinez Morales, Individually and as Parent and Guardian of Kelimar Santiago Martinez, Edwin Parker Dalton, Lisa Dalton, and Thomas Michael Fiore (collectively, the Personal Injury Claimants), by and through the undersigned counsel, file this Limited Objection and Reservation of Rights (the Limited Objection) to the *Entry of an Order (I) Scheduling Recognition Hearing, (II) Specifying Form and Manner of Service of Notice, (III) Authorizing Redaction of Certain Personally Identifiable Information, and (IV) Granting Related Relief* [Dkt. 8] (the "Scheduling Motion"), and respectfully state as follows:

## I.   BACKGROUND

1.      The Personal Injury Claimants are medical malpractice and tort plaintiffs in various stages of litigation in Connecticut state courts (the State Court Cases) asserting claims against certain Prospect Debtors (defined below).

2.      Prospect Medical Holdings, Inc. and certain of its non-debtor affiliates (collectively the Prospect Debtors) commenced chapter 11 cases on January 11, 2025, which were jointly administered in the United States Bankruptcy Court for the Northern District of Texas in the bankruptcy case captioned *In re Prospect Medical Holdings, Inc. et al*, Case No. 25-80002 (SGJ) (the Prospect Bankruptcy).  The bankruptcy court subsequently confirmed a chapter 11 plan [Prospect Bankruptcy, Dkt. 4230] which

became effective on March 6, 2026 [Prospect Bankruptcy, Dkt. 4791] (the "Effective Date").

3.      Under the confirmed plan, holders of insured claims, including the Personal Injury Claimants, were expressly authorized to liquidate their claims in non-bankruptcy forums to final judgment or settlement and were granted relief from the automatic stay and any plan injunction to pursue recovery from applicable insurance coverage.

4.      This framework continued and incorporated the bankruptcy court's prior *Order Granting Emergency Motion for Relief from Automatic Stay filed by Debtors* [No. 25-80002, Dkt. 3725], which modified the automatic stay to permit personal injury claimants to liquidate their claims to final judgment or settlement, including any appeal, and to collect against available insurance coverage provided by the Prospect Debtors' insurers and reinsurers.  The Prospect Debtors sought such relief after certain insurers and reinsurers failed to participate in good faith in settlement negotiations to fund an insurance trust in the Prospect Bankruptcy.

5.      Debtor Connecticut Healthcare Insurance Company (CHIC) is a captive insurance company domiciled in the Cayman Islands.  CHIC is owned by Prospect ECHN, Inc., an indirect wholly owned subsidiary of Prospect Medical Holdings, Inc.  CHIC issued insurance policies to the Prospect Debtors providing coverage for professional and general liability claims, subject to applicable self-insured retentions and reinsurance arrangements.

6.      On March 12, 2026, CHIC commenced an insolvency proceeding in the Cayman Islands captioned *In the Matter of the Companies Act (2026 Revision) and In the Matter of Connecticut Healthcare Insurance Company*, Cause No. FSD 93 of 2026 (Cayman Proceeding).  Joint provisional liquidators and foreign representatives (Foreign

Representatives) were appointed to administer its affairs.  CHIC thereafter commenced the above-captioned chapter 15 case in this Court on May 5, 2026.

7.        Contemporaneously with the commencement of this chapter 15 case, the Foreign Representatives filed an emergency motion [Dkt. 7] seeking provisional and related relief under sections 105(a), 362, 1519 and 1521 of the Bankruptcy Code, including the imposition of the automatic stay with respect to CHIC and its property within the territorial jurisdiction of the United States and an extension of such stay to the Prospect Debtors.

8.        The Personal Injury Claimants understand that the Foreign Representatives may withdraw or defer the request for provisional injunctive relief presently sought in Dkt. 7.  Nevertheless, the Scheduling Motion and related pleadings reference relief under sections 1519, 1520, and 1521 and have identified holders of insured claims as potential parties against whom relief is being sought.

## II.    LIMITED OBJECTION AND RESERVATION OF RIGHTS

9.        The Personal Injury Claimants do not object to the procedural aspects of the Scheduling Motion establishing notice procedures and scheduling a hearing on recognition of the Cayman Proceeding.

10.       However, the Cayman Proceeding and this chapter 15 case arise in the context of a broader post-confirmation effort involving the Prospect Debtors, CHIC, and certain reinsurers to restructure and monetize insurance-related rights and obligations that were expressly preserved under the confirmed chapter 11 Plan in the Prospect Bankruptcy—including the Personal Injury Claimants' rights to liquidate their claims to final judgment or settlement and to pursue recovery from applicable insurance coverage. Those rights were central components of the confirmed Plan structure and formed part

of the framework governing the respective rights and obligations of the Prospect Debtors, insurers, reinsurers, and tort claimants.

11.     Recognition of a foreign proceeding under chapter 15 does not itself authorize modification of a confirmed chapter 11 plan or impairment of rights expressly preserved thereunder.   Nor does recognition automatically entitle the Foreign Representatives to injunctive relief restraining litigation against non-debtors or preventing the liquidation of personal injury claims outside the bankruptcy process.

12.     Accordingly, the Personal Injury Claimants expressly reserve all rights and objections with respect to any request for relief under sections 105(a), 362, 1519, 1520, or 1521 of the Bankruptcy Code, including any request that would directly or indirectly: (i) interfere with the prosecution of the State Court Cases; (ii) restrain litigation against non-debtor parties; (iii) impair rights preserved under the confirmed Prospect Bankruptcy Plan; or (iv) facilitate implementation of any transaction that would materially alter insurance-related rights and obligations established under the confirmed Prospect Bankruptcy Plan.

13.     Nothing in this Limited Objection shall be construed as consent to any present or future request for injunctive relief, stay extension, or other relief affecting the Personal Injury Claimants' rights.

### III.   CONCLUSION

14.     For the foregoing reasons, the Personal Injury Claimants respectfully request that any order entered on the Scheduling Motion be without prejudice to the Personal Injury Claimants' rights and objections described herein, including without limitation any objection to future requests for relief under sections 105(a), 362, 1519, 1520, or 1521 of the Bankruptcy Code affecting non-debtor litigation, insurance-related

recovery rights, or rights expressly preserved under the confirmed chapter 11 Plan in the Prospect Bankruptcy, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of May 2026.

Respectfully submitted,

_____/s/ Ryan E. Chapple_____
Ryan E. Chapple
State Bar No. 24036354
Email:rchapple@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

***COUNSEL FOR THE PERSONAL INJURY CLAIMANTS***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection has been served on counsel for Debtor, Debtor, the U.S. Trustee, and all parties receiving or entitled to notice through CM/ECF on this 6th day of May 2026.

_____/s/ Ryan E. Chapple_____