

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 10, 2026**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| **CONNECTICUT HEALTHCARE INSURANCE COMPANY,**[1] | |
| Debtor in Foreign Proceeding. | Case No. 26-32010-15 (SGJ) |

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING AND ADDITIONAL RELIEF**

Upon consideration of the Verified Petition for Entry of an Order Recognizing Foreign

Main Proceeding and Granting Additional Relief (together with the form petitions filed

---

[1] The Debtor's mailing address is Marsh Management Services Cayman Ltd., Governors Square, Building 4, Floor 2, 23 Lime Tree Bay Avenue, P.O. Box 1051, Grand Cayman KY1-1102. Copies of the pleadings filed in this Chapter 15 case are available on the Debtor's public website: https://omniagentsolutions.com/CHIC.

75098628.6

concurrently therewith, the "***Verified Petition***"),[2] filed by the Foreign Representatives as the "foreign representatives" of the above-captioned debtor (the "***Debtor***") for entry of an order (this "***Order***") and upon the hearing, if any, on the Verified Petition and this Court's review and consideration of the Verified Petition, the Pearson Declaration, the Saidara Declaration, the Harris Declaration; and the Supplemental Declaration of John Michael Harris [Docket No. 44]; and the Court having determined that the relief sought in the Petition is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having considered the evidence and statements regarding the Verified Petition in the documents filed with the Court; and it appearing that no other or further notice need be given under the circumstances; and the Court having considered the evidence and statements regarding the Petition in the documents filed with the Court; and it appearing that this Court has jurisdiction to consider the Petition pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 15 Case and the Petition in this District is proper pursuant to 28 U.S.C. § 1410(1); and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found and determined that the relief sought in the Petition is consistent with the purpose of Chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Petition establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is **HEREBY FOUND AND DETERMINED THAT:**

A. This chapter 15 case was properly commenced pursuant to §§ 1504, 1509, and 1515 of title 11 of the United States Code (the "***Bankruptcy Code***").[3]

---

[2] Capitalized terms used but not defined herein have the meanings assigned to them in the Verified Petition.

[3] Unless otherwise noted, section (§) references are to the Bankruptcy Code.

75098628.6

B.      The Debtor has property in the United States and is subject to a foreign proceeding, and thus the Debtor is eligible to be a debtor in a chapter 15 case.

C.      Michael Pearson and Orla O'Regan of JTC Special Situations Limited (collectively, the "***Foreign Representatives***") are each a "person" pursuant to § 101(41) and collectively are the duly appointed "foreign representatives" of the Debtor as such term is defined in § 101(24).   The Foreign Representatives have satisfied the requirements of § 1515 and Bankruptcy Rule 1007(a)(4).

D.      The Cayman Proceeding is entitled to recognition by this Court pursuant to § 1517.

E.      The Cayman Proceeding is pending in the Cayman Islands, where the Debtor has its "center of main interests" as referred to in § 1517(b)(1). Accordingly, the Cayman Proceeding is a "foreign main proceeding" as contemplated under § 1502(4) and is entitled to recognition as a foreign main proceeding pursuant to § 1517(b)(1).

F.      Good, sufficient, appropriate, and timely notice of the filing of, and the hearing on (to the extent necessary), the Verified Petition was given, which notice was deemed adequate for all purposes, and no further notice need be given.

G.      The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtor and the interests of its creditors and other parties in interest, is in the interest of the public and international comity, consistent with the public policy of the United States, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted. Absent the requested relief, the efforts of the Debtor and the Foreign Representatives in conducting the Cayman Proceeding may be frustrated by the actions of individual creditors and other parties, a result contrary to the purposes of chapter 15.

75098628.6

**IT IS HEREBY ORDERED THAT:**

1.     The Verified Petition is granted.

2.     The Cayman Proceeding is recognized as a foreign main proceeding pursuant to § 1517 and is entitled to the protections of 11 U.S.C. § 1520(a), including, without limitation, the application of the protection afforded by the automatic stay under 11 U.S.C. § 362 to the Debtor and to the Debtor's property that is within the territorial jurisdiction of the United States.

3.     The Foreign Representatives are the duly appointed foreign representatives of the Debtor within the meaning of 11 U.S.C. § 101(24), are authorized to act on behalf of the Debtor in this Chapter 15 Case, and are established as the exclusive representatives of the Debtor in the United States.  Consistent with the relief granted in the Cayman Order, all current and former directors and officers of the Debtor shall have no further power or authority to manage or direct the Debtor including, but not limited to, the power to incur any obligations on behalf of the Debtor.

4.     The order of the Cayman Court attached hereto as **Exhibit A** (the "**Final Cayman Order**") is hereby given full force and effect, on a final basis, with respect to the Debtor and the Debtor's property that now or in the future is located within the territorial jurisdiction of the United States, including all charges granted by the Cayman Order against property of the Debtor located in the United States and all stays against the commencement or continuation of any actions against the Debtor or its assets (except as otherwise expressly provided herein or therein).

5.     All objections, if any, to the Verified Petition or the relief requested therein that have not been withdrawn, waived or settled as set forth in this Order, are hereby overruled on the merits.

75098628.6

6.      Upon entry of this Order, the Cayman Proceeding and all prior orders of the Cayman Islands Court shall be and hereby are granted comity and given full force and effect in the United States.

7.      The Foreign Representatives and the Debtor shall be entitled to the full protections and rights enumerated under § 1521(a)(4) and (5), and accordingly, the Foreign Representatives:

(a)     are entrusted with the administration or realization of all or part of the Debtor's assets located in the United States; and

(b)     have the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities.

8.      The Foreign Representatives are hereby established as the representatives of the Debtor with full authority to administer the Debtor's assets and affairs in the United States, including, without limitation, making payments on account of the Debtor's prepetition and postpetition obligations.

9.      The Foreign Representatives and their agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules of this Court.

10.     No action taken by the Foreign Representatives or their successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Cayman Proceeding, this Order, this Chapter 15 Case, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded to the Foreign Representatives, including without limitation pursuant to §§ 306 or 1510 of the Bankruptcy Code.

11.     The banks and financial institutions with which the Debtor maintains bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are, subject to the written approval of the Foreign Representatives, authorized to continue to service and administer the Debtor's bank accounts without interruption

5

and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtor's bank accounts by respective holders and makers thereof, all with the prior written approval of the Foreign Representatives.

12.     For the avoidance of doubt, nothing in this Order shall be construed as extending the stay provided to the Debtor under the Final Cayman Order to (a) the debtors (the "**Prospect Debtors**") under the chapter 11 case captioned, *In re Prospect Medical Holdings, Inc., et al.*, Case No. 25-80002 (the "**Prospect Chapter 11 Bankruptcy Case**") or (b) to any insurers or reinsurers (**"Reinsurers"**) that provided insurance or reinsurance polices to the Debtor, and, subject to any further order of this Court or the Cayman Court, the Personal Injury Plaintiffs reserve the right to pursue any rights against any parties other than the Debtor that are permitted under the confirmed chapter 11 plan in the Prospect Chapter 11 Bankruptcy Case, or pursuant to any stipulation filed or other order entered in the Prospect Chapter 11 Bankruptcy Case.

13.     Further, nothing in this Order shall be deemed this Court's approval of the settlement agreement subject to a motion pending before this Court in the Prospect Chapter 11 Bankruptcy Case [Docket No. 5082, Case No. 25-80002].

14.     The Personal Injury Claimants, the Debtor, the Prospect Debtors and all other parties in interest expressly retain and reserve all rights, claims, interests, defenses, arguments, positions, remedies, and objections, whether substantive, procedural, jurisdictional, statutory, equitable, or constitutional, with respect to any future request for relief concerning such matters, whether in the Prospect Chapter 11 Case, this case, the Cayman Proceeding, or any other proceeding.

75098628.6

15.     The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

16.     This Order is without prejudice to the Foreign Representatives requesting any additional relief in this Chapter 15 Case, including seeking recognition and enforcement by this Court of any further orders issued in the Cayman Proceeding.

17.     A copy of this Order shall be served (i) within five business days of entry of this Order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight or first-class postage prepaid, upon the Notice Parties and such other entities as the Court may direct in accordance with the Court's *Order (I) Scheduling Recognition Hearing, (II) Specifying Form and Manner of Service, (III) Authorizing Redaction of Certain Personally Identifiable Information and (IV) Granting Related Relief* [Docket No. 29]. Such service shall be good and sufficient service and adequate notice for all purposes.

18.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

19.     Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

20.     This Order applies to all parties in interest in this Chapter 15 Case and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

**###END OF ORDER###**

75098628.6

Order Submitted by:

**JACKSON WALKER LLP**

Vienna F. Anaya (TX Bar No. 2409125)
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
Email: vanaya@jw.com

Emily Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: emeraia@jw.com

**HONIGMAN LLP**

Scott B. Kitei, Esq. (admitted *pro hac vice*)
Glenn S. Walter, Esq. (admitted *pro hac vice*)
2290 First National Building
660 Woodward Ave.
Detroit, Michigan 48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-7713
Email: skitei@honigman.com
Email: gwalter@honigman.com

*Counsel for the Authorized Foreign Representatives*

8

75098628.6

**Exhibit A**

**Final Cayman Order**

Digitally signed by Advance Performance Exponents Inc.
Date: 2026.05.28 15:10:30 -05:00
Reason: Document Certification
Location: Court Document Management System



CAUSE NO. FSD 93 OF 2026 (JAJ)

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**IN THE MATTER OF THE COMPANIES ACT (2026 REVISION)**
**AND IN THE MATTER OF CONNECTICUT HEALTHCARE INSURANCE COMPANY**

**BEFORE THE HONOURABLE JUSTICE JALIL ASIF**
**IN OPEN COURT**

**28 MAY 2026**

**WINDING UP ORDER**



CERTIFIED TRUE AND CORRECT

CLERK OF COURT

**UPON** the petition filed on 16 March 2026 by Connecticut Healthcare Insurance Company for an order that it be wound up

**AND UPON** reading the petition herein

**AND UPON** reading the first affidavit of Francisco Castro and exhibit FC1 sworn on 12 March 2026, the first affidavit of Michael Pearson and exhibit MP1 sworn on 12 March 2026, the first affidavit of Orla O'Regan and exhibit OOR1 sworn on 12 March 2026, the Second Affidavit of Francisco Castro and exhibit FC2 sworn on 30 March 2026, the fourth Affidavit of Orla O'Regan and exhibit OOR4 sworn on 22 May 2026 and the Fifth Affidavit of Orla O'Regan and exhibit OOR5 sworn on 27 May 2026

**AND UPON** hearing the attorney for Connecticut Healthcare Insurance Company

**IT IS HEREBY ORDERED that:**

1. The appointment dated 18 March 2026 of Michael Pearson and Orla O'Regan as joint provisional liquidators of Connecticut Healthcare Insurance Company ("the Company") is discharged.

2. The joint provisional liquidators' remuneration for the period from 18 March 2026 to 28 May 2026 is approved in the sum of US $110,929.80 and shall be paid from the Company's assets.

3. The following persons are appointed as joint official liquidators of the Company:

| Name | Address | Contact details |
|---|---|---|
| Michael Pearson | JTC Special Situations Limited 6th Floor, 60 Nexus Way Camana Bay Grand Cayman Cayman Islands | +1 (345) 640 5860 Michael.pearson@jtcgroup.com |
| Orla O'Regan | | +1 (345) 640 5859 orla.oregan@jtcgroup.com |

THIS ORDER was filed by KSG Attorneys Ltd, attorneys for the Joint Official Liquidators, whose address for service is One Capital Place, Fourth Floor, Shedden Road, George Town, Grand Cayman (Ref: JH/05336)64185846.2

FSD2026-0093                              **Page 2 of 2**                              2026-05-28

4.   The joint official liquidators are not required to give security for their appointment.

5.   The joint official liquidators may act jointly and severally.

6.   The joint official liquidators are authorised and empowered to exercise the following powers set out in Part I of the Third Schedule of the Companies Act without further sanction of the Court:

   a)   to continue the proceeding commenced in the US Bankruptcy Court for the Northern District of Texas ("the US Bankruptcy Court") under cause number 26-32010-15 (SGJ) for recognition of the provisional liquidation of the Company under Chapter 15 of the US Bankruptcy Code, and to seek recognition of the winding up of the Company in the same proceeding, and for that purpose to make applications to the US Bankruptcy Court;

   b)   to carry on the business of the Company so far as may be necessary for its beneficial winding up.

7.   Until further order, no suit, action or other proceeding, other than criminal proceedings, shall be proceeded with or commenced against the Company except with the leave of the Court.

8.   No disposition of the Company's property by or with the authority of the joint official liquidators in carrying out their duties and functions and exercise of their powers under this Order shall be avoided by virtue of section 99 of the Companies Act.

9.   The joint official liquidators have liberty to apply.

**Dated 28 May 2026**
Filed 28 May 2026

**THE HONOURABLE JUSTICE JALIL ASIF**
**JUDGE OF THE GRAND COURT**

CERTIFIED TRUE AND CORRECT

**CLERK OF COURT**

THIS ORDER was filed by KSG Attorneys Ltd, attorneys for the Joint Official Liquidators, whose address for service is One Capital Place, Fourth Floor, Shedden Road, George Town, Grand Cayman (Ref: JH/05336)64185846.2

FSD2026-0093                                                             2026-05-28